UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN DANTIN, ON BEHALF OF<br>CHRISTOPHER TEMPLETON | CIVIL ACTION |
| VERSUS | NO. 16-692-SDD-EWD |
| SOUTHERN HOME CARE<br>SERVICE, INC. ET AL. | |

**ORDER**

Before the Court is Plaintiff's Motion for Leave of Court to File Amending Complaint (the "Motion"), filed by plaintiff Karen Dantin on August 9, 2017.[1] Defendant Southern Home Care Service, Inc. removed this matter from state court on October 18, 2016, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[2] Plaintiff filed the instant Motion seeking to name Normal Life of Lafayette, Inc. as a defendant in the place of Southern Home Care Service, Inc.[3] Without explanation, Plaintiff refers to the defendant as both "Southern Home Care Service, Inc."[4] and "Southern Home Care, Inc."[5] throughout the Motion. However, it appears Plaintiff is attempting to add Normal Life of Lafayette, Inc. as a defendant in this case, while removing Southern Home Care Service, Inc. as a defendant.

Plaintiff's proposed Second Supplemental and Amended Petition,[6] however, fails to adequately allege the citizenship of the parties and continues to name Southern Home Care

---

[1] R. Doc. 25.
[2] R. Doc. 1 at ¶ 1.
[3] R. Doc. 25 at p. 1.
[4] R. Doc. 25 at ¶¶ 5-7, 11, 13, 14, 15.
[5] R. Doc. 25 at ¶¶ 7, 9, 10, 11, 12.
[6] R. Doc. 25-1.

Service, Inc. as a defendant. The proposed Second Supplemental and Amended Petition makes the following allegations regarding the citizenship of the parties:

> I.
> Your Plaintiff is KAREN DANTIN, a person of the full age of majority who is a resident of and domiciled in the Parish of West Baton Rouge, State of Louisiana. KAREN DANTIN is appearing herein, individually and on behalf of her son, CHRISTOPHER TEMPLETON, who is also a resident of and domiciled in the Parish of West Baton Rouge, State of Louisiana.
>
> II.
> Your defendant is NORMAL LIFE OF LAFAYETTE, INC., who shows its domicile address as 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809, and its principle office address as 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809.
>
> III.
> Defendant, Southern Home Care Service, Inc. (hereinafter referred to as "Southern Home Care") is liable to Plaintiff for abuse and neglect suffered by Christopher Templeton, as is more fully described as follows:[7]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1447(e) when a plaintiff seeks to join additional defendants after removal. Citizenship has not been adequately alleged in the Second Supplemental and Amended Petition. While the citizenship of Plaintiff, Karen Dantin, has been adequately alleged,[8] the citizenship of Normal Life of Lafayette, Inc. and Southern Home Care Service, Inc. has not been adequately alleged in the Second Supplemental and Amended Petition. As stated in the prior Order issued by the undersigned on August 3, 2017,[9] for purposes of diversity, a corporation is a citizen of its place of incorporation and its principal place of business. 28 U.S.C. §1332(c). *See also*, *Getty Oil, Div. of*

---

[7] R. Doc. 25-1 at ¶¶ I-III.
[8] The Fifth Circuit has held, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[9] R. Doc. 24.

2

*Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to file a Motion to Substitute the proposed Second Supplemental and Amended Petition[10] with a proposed pleading that is a comprehensive amended complaint that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on August 10, 2017.

                                    **ERIN WILDER-DOOMES**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 25-1.