# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KAREN DANTIN, ON BEHALF OF**            **CIVIL ACTION**
**CHRISTOPHER TEMPLETON**

**VERSUS**            **NO. 16-692-SDD-EWD**

**SOUTHERN HOME CARE SERVICE, INC.**
**d/b/a RESCARE AND STEPHANIE GROUP HOME**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 7, 2017.

                                             **ERIN WILDER-DOOMES**
                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN DANTIN, ON BEHALF OF<br>CHRISTOPHER TEMPLETON | CIVIL ACTION |
| VERSUS | NO. 16-692-SDD-EWD |
| SOUTHERN HOME CARE SERVICE, INC.<br>d/b/a RESCARE AND STEPHANIE GROUP HOME | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave of Court to File Amending Complaint (the "Motion for Leave"), filed by plaintiff Karen Dantin on August 9, 2017.[1] In the Motion for Leave, Plaintiff seeks to name a non-diverse party, Normal Life of Lafayette, Inc., as a defendant in the place of Southern Home Care Service, Inc. d/b/a ResCare and Stephanie Group Home ("Southern Home Care").[2] Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion for Leave and Southern Home Care has not filed an opposition as of the date of this Report and Recommendation. The Motion for Leave is therefore unopposed.

Also before the Court is Plaintiff's Motion to Remand,[3] which is also unopposed.[4]

---

[1] R. Doc. 25.
[2] Plaintiff asserts that Stephanie Group Home is not a legal entity and may be owned and operated by a business known as ResCare, which is a trade name used by Southern Home Care Service, Inc. *Id.* at ¶ 5. *See also*, R. Doc. 14 at p. 1 ("Stephanie Group Home is not a party to this litigation. . . . Stephanie Group Home was mentioned only as a D/B/A for Defendant, Southern Home Care Service, Inc.").
[3] R. Doc. 31.
[4] Because no opposition was filed to the Motion for Leave which, if granted, would require that this matter be remanded to state court, the undersigned issued an Order on September 20, 2017, giving Southern Home Care seven days in which to file a supplemental memorandum stating whether it objects to this matter being remanded to state court. *See,* R. Doc. 32. As of the date of this Report and Recommendation, Southern Home Care has not filed anything into the record indicating that it opposes remand.

For the following reasons, the undersigned recommends[5] that the unopposed Motion for Leave be **GRANTED**, allowing Plaintiff to file her Second Supplemental and Amended Petition.[6] Upon granting the Motion for Leave, there will no longer be complete diversity of citizenship between the parties and the matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). As such, the undersigned further recommends that the Motion to Remand be **DENIED as moot**.

## Factual and Procedural Background

On or about January 7, 2016, Plaintiff, appearing on behalf of Christopher Templeton, filed a Petition to Obtain Medical Records Pursuant to LSA-R.S. 40:1299.96 (the "Petition") against Southern Home Care in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[7] In the Petition, Plaintiff alleges that her son, Christopher Templeton, is "an intellectually disabled person suffering from cerebral palsy and other maladies."[8] Plaintiff asserts that until his discharge on October 19, 2015, Mr. Templeton had been a patient at Stephanie Group Home, where he suffered "constant abuse and neglect from the staff at Stephanie Group Home."[9] Plaintiff asserts that Southern Home Care has refused and/or failed to provide her with a copy of

---

[5] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, Civ. A. No. CV-09-2168-PHX-ROS (LOA), 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiff's Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether or not this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued relative to such motion. *See, Vessell v. Wal-Mart Stores, Inc.*, Civ. A. No. 07-228-JJB-CN, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).
[6] R. Doc. 25-1.
[7] R. Doc. 1-1 at pp. 1-4.
[8] *Id*. at p. 1, ¶ III. In the First Supplemental and Amending Petition subsequently filed in the state court proceeding, Plaintiff asserts that, "Mr. Templeton is a twenty-eight year old man suffering from cerebral palsey [sic], autism, scoliosis, and osteoporosis." R. Doc. 1-1 at p. 8, ¶ X.
[9] R. Doc. 1-1 at p. 1, ¶ III.

3

Mr. Templeton's medical records and Plaintiff seeks the reasonable attorney's fees and expenses incurred in obtaining a court order for the production of his medical records.

On or about September 15, 2016, Plaintiff filed a First Supplemental and Amending Petition in state court (the "First Amended Petition"), asserting a personal injury claim against Southern Home Care.[10] In the First Amended Petition, Plaintiff alleges that as a result of Southern Home Care's abuse and neglect, Mr. Templeton suffered decubitus ulcers, severe constipation, including fecal impaction, dehydration, including kidney failure and hypernatremia, and lack of nutrition to the point of near starvation. Plaintiff seeks damages on behalf of Mr. Templeton for loss of funds, past and future medical expenses and past and future physical pain and suffering. Plaintiff further asserts that she filed a request for review by a medical panel on July 15, 2016, and in a letter dated July 29, 2016, the Patient's Compensation Fund advised her that Southern Home Care is not a qualified medical health care provider. Thus, Southern Home Care is not entitled to the benefits of the Medical Malpractice Act.[11]

On October 18, 2016, Southern Home Care filed a Notice of Removal, seeking to remove the case to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.[12] Southern Home Care asserts that there is complete diversity because it is a citizen of Delaware and Kentucky and Plaintiff is a citizen of Louisiana.[13] Southern Home Care further asserts that the amount in controversy exceeds $75,000 in this case based upon the injuries alleged and the damages sought in the First Amended Petition.[14] Southern Home Care claims that removal is timely because it "was served with the Petition for Damages on September 19, 2016."[15]

---

[10] *Id.* at pp. 8-10.
[11] *Id.* at p. 9, ¶ XV.
[12] R. Doc. 1 at Introductory Paragraph.
[13] *Id.* at ¶ 1(b).
[14] *Id.* at ¶ 1(a).
[15] *Id.* at ¶ 2.

4

On July 11, 2017, Plaintiff filed a First Supplemental and Amended Petition into the record, seeking to name Normal Life of Lafayette, Inc. ("Normal Life") as a defendant in the place of Southern Home Care.[16] On July 12, 2017, the undersigned issued an Order striking the First Supplemental and Amended Petition from the record for failure to file the proposed amended complaint by the January 6, 2017 deadline set forth in the Scheduling Order in this matter.[17] However, Plaintiff was given seven days to file a motion for leave to file an amended complaint setting forth the grounds for her failure to file the proposed amended complaint within the time period provided by the Scheduling Order.[18]

On July 18, 2017, Plaintiff filed a Motion for Leave of Court to File Amending Complaint, pursuant to the July 12, 2017 Order, again seeking to name Normal Life as a defendant in place of Southern Home Care.[19] On August 3, 2017, the motion was denied without prejudice to Plaintiff refiling the motion with a comprehensive amended complaint properly alleging the citizenship of the parties and addressing the impact of adding a non-diverse party as a defendant.[20]

On August 9, 2017, Plaintiff filed the instant Motion for Leave, pursuant to the August 3, 2017 Order, seeking to amend her Petition to name Normal Life as a defendant in the place of Southern Home Care.[21] Plaintiff asserts that on June 16, 2017, during the course of discovery, Southern Home Care produced documents showing that payments on behalf of Mr. Templeton were made to Normal Life.[22] Plaintiff claims that on June 21, 2017, her counsel sent a letter to Southern Home Care inquiring as to whether Normal Life was the proper defendant in this matter.[23]

---

[16] R. Doc. 21; *See,* R. Doc. 22 at p. 1.
[17] R. Doc. 22; *See*, R. Doc. 6.
[18] R. Doc. 22 at pp. 2-3.
[19] R. Doc. 23.
[20] R. Doc. 24.
[21] R. Doc. 25.
[22] R. Doc. 25 at ¶ 8.
[23] *Id.* at ¶ 9 & n. 3. Although Plaintiff claims that, "Counsel's letter of June 21, 2017, is attached as Exhibit B," there is no Exhibit B attached to the Motion for Leave.

5

Plaintiff further claims that on June 30, 2017, Southern Home Care consented to the substitution of Normal Life as the defendant in this matter.[24] Plaintiff asserts that before she received Southern Home Care's discovery responses in June 2017, she had no reason to suspect that anyone other than Southern Home Care was the proper defendant because all pleadings, including the initial disclosures under Fed. R. Civ. P. 26, had been filed by Southern Home Care.[25] Thus, Plaintiff contends there was excusable neglect for her failure to previously amend her Petition to name Normal Life as the proper defendant. Plaintiff further asserts that the amendment will not delay the proceedings or cause any undue prejudice to Southern Home Care, but that she will suffer significant injustice if she is not allowed to name the correct defendant. Plaintiff also asserts that allowing the amendment will divest this Court of diversity jurisdiction because Normal Life is a citizen of Louisiana and, therefore, would be a non-diverse defendant. Plaintiff claims that she contacted Southern Home Care by email on August 9, 2017, and Southern Home Care advised that it is opposed to a remand of this matter.[26]

Although Southern Home Care has not filed an opposition to the Motion for Leave, on September 6, 2017, Plaintiff filed a Motion to Remand asserting that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).[27] In the Motion to Remand, Plaintiff asserts, "Because the Court has allowed Plaintiff leave to file her Second Supplemental and Amending Petition naming a non-diverse entity as a defendant, this matter should be remanded back to State Court."[28]

---

[24] *Id*. at ¶ 9 & n. 4. Although Plaintiff notes that the "Letter of June 30, 2017, is attached as Exhibit C," there is no Exhibit C attached to the Motion for Leave.
[25] *Id*. at ¶¶ 10 and 11. *See*, R. Docs. 3 and 4.
[26] R. Doc. 25 at ¶ 17. As noted above, Southern Home Care did not oppose the Motion for Leave nor file anything into the record indicating its position with regard to remand despite being given the opportunity to do so. R. Doc. 32.
[27] R. Doc. 31.
[28] *Id.* at p. 2. A review of the record shows that the Court has not yet ruled upon Plaintiff's Motion for Leave (R. Doc. 25), nor has Plaintiff been allowed to file her Second Amended Petition into the record. It appears that Plaintiff has misconstrued the undersigned's August 22, 2017 Order (R. Doc. 30), granting Plaintiff's Motion to Substitute Second Amending Petition (R. Doc. 29), as an Order granting Plaintiff's Motion for Leave. Thus, contrary to Plaintiff's assertion in the Motion to Remand, the Motion for Leave remains pending before the Court.

**Applicable Law and Analysis**

Although Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings, Plaintiff seeks leave to amend the Petition after the deadline for filing amendments and adding parties has passed.[29] As such, Plaintiff is asking this Court to modify the Scheduling Order to allow the filing of the proposed Second Amended Petition. Federal Rule of Civil Procedure 16(b) provides that scheduling orders, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

According to the Fifth Circuit, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id*. at 535 (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining "good cause," this Court must consider the following four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C.*, 315 F.3d at 536 (citations omitted).

**A. Plaintiff Has Shown Good Cause to Modify the Scheduling Order Under Rule 16(b).**

Although Plaintiff does not specifically address the four factors set forth in *S&W Enterprises, L.L.C.*, all four factors weigh in favor of finding good cause exists to modify the Scheduling Order to allow Plaintiff to file the proposed Second Amended Petition. With respect

---

[29] *See,* R. Doc. 6.

to the first factor, the explanation for Plaintiff's failure to timely move for leave to amend before the January 6, 2017 deadline,[30] Plaintiff's delay in seeking leave to amend is not unexplained, unjustified or unreasonable. Plaintiff first sought to file an amended petition naming Normal Life as a defendant in place of Southern Home Care on July 11, 2017,[31] based upon information contained in Southern Home Care's June 16, 2017 discovery responses.[32] In the Motion for Leave, Plaintiff asserts that prior to that time, she was unaware of Normal Life's connection to Stephanie Group Home because Southern Home Care had filed all pleadings in this matter and had provided Rule 26 initial disclosures.

A review of the record shows that Southern Home Care has filed several pleadings in this Court, including the Notice of Removal,[33] an Answer, Affirmative Defenses and Jury Demand to First Supplemental and Amending Petition,[34] a Joint Status Report,[35] a Memorandum in Opposition to Plaintiff's Motion to Compel[36] and a Motion for Leave to File Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel.[37] Despite filing at least five pleadings in this matter, Southern Home Care has never asserted that it is not the proper defendant in this litigation. Further, Southern Home Care has not filed an opposition to the instant Motion for Leave or otherwise alleged that information regarding Normal Life was available to Plaintiff prior to June 16, 2017 and that Plaintiff failed to investigate or act upon the information. As such, Plaintiff has provided a sufficient explanation for her failure to timely move for leave to amend her Petition.

---

[30] R. Doc. 6 at p. 1.
[31] R. Doc. 21; *See*, R. Doc. 22.
[32] R. Doc. 25 at ¶ 8.
[33] R. Doc. 1.
[34] R. Doc. 3.
[35] R. Doc. 4.
[36] R. Doc. 13.
[37] R. Doc. 15.

Turning next to the second factor of the good cause analysis, the importance of the amendment, Plaintiff asserts that she "will suffer significant injustice and injury if she is not allowed to name the correct defendant."[38] While the proposed Second Amended Petition will allow Plaintiff to maintain the personal injury claim that was added in the First Amended Petition, Plaintiff does not allege that Normal Life is important or critical to the case and to the relief initially sought by Plaintiff for the alleged abuse and neglect that Mr. Templeton suffered when he was a patient at Stephanie Group Home. However, Plaintiff claims that during the course of discovery, Southern Home Care indicated that Normal Life was the proper defendant in this case and agreed to the substitution of Normal Life as the defendant in this matter.[39] If Normal Life is the proper defendant in this case and Plaintiff is not allowed to amend her Petition to name Normal Life as the defendant, Plaintiff may be unable to assert a cause of action against the entity responsible for the alleged abuses that occurred at Stephanie Group Home. Southern Home Care has not filed an opposition or otherwise contested Plaintiff's assertion that Southern Home Care confirmed that Normal Life was the proper defendant in this case. As such, this factor weighs in favor of finding good cause exists to modify the Scheduling Order.

The third factor, the potential prejudice in allowing the amendment, also weighs in Plaintiff's favor. The Court has reviewed the proposed Second Amended Petition[40] and there is no evidence that the amendment is sought in bad faith, would surprise or unfairly prejudice Southern Home Care, or would cause undue delay. Southern Home Care first received notice of Plaintiff's request to name Normal Life as a defendant in this case when Plaintiff filed her First Supplemental and Amended Petition on July 11, 2017.[41] However, Southern Home Care has not

---

[38] R. Doc. 25 at ¶ 16.
[39] *Id*. at ¶ 9.
[40] R. Doc. 25-1.
[41] R. Doc. 21.

9

filed an opposition or otherwise objected to the amendment as prejudicial. As such, the amendment would not surprise or unfairly prejudice Southern Home Care.

With respect to the fourth factor, the availability of a continuance to cure such prejudice, this factor also weighs in Plaintiff's favor. As an initial matter, it is unnecessary to grant a continuance to cure any alleged prejudice because the Court has found that Southern Home Care will not be prejudiced if Plaintiff is allowed to file the proposed Second Amended Petition. A continuance is also unnecessary because Southern Home Care has not filed an opposition to the Motion for Leave or otherwise contested the allegations contained therein. Further, even to the extent the amendment might arguably prejudice Normal Life as the newly-added party since certain scheduling deadlines have passed, in light of the fact the amendment would result in remand to state court where a new schedule will be entered, the fourth factor of the good cause analysis weighs in favor of finding good cause exists to modify the Scheduling Order.

Under the four-factor analysis set forth in *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003), Plaintiff has shown good cause exists to modify the Scheduling Order with respect to the deadline for filing amended pleadings and adding new parties. Plaintiff has a valid explanation for her failure to timely move for leave to amend, the amendment is important, there is no potential prejudice to Southern Home Care or Normal Life if the amendment is allowed, and since there is no potential for prejudice, the availability of a continuance to cure such prejudice is unnecessary. Thus, the balance of the competing interests and equities in this particular case weigh in favor of modifying the Scheduling Order with respect to the deadline for filing amended pleadings and adding new parties.

**B. Plaintiff Should Be Granted Leave to File the Proposed Second Amended Petition Under Rule 15(a).**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit has strictly followed this rule, stating that, "leave to amend should be granted liberally." *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995). Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

The Court has reviewed Plaintiff's proposed Second Amended Petition[42] and there is no evidence that the amendment is sought in bad faith, would surprise or unfairly prejudice Southern Home Care or cause undue delay. Furthermore, Southern Home Care does not oppose the Motion for Leave. Thus, for the same reasons the Court found good cause under Fed. R. Civ. P. 16 to modify the Scheduling Order, the Court also finds that granting Plaintiff leave to amend her Petition is proper.

---

[42] R. Doc. 25-1.

**C. If Plaintiff is Granted Leave to File the Proposed Second Amended Petition, the Matter Must be Remanded for Lack of Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a).**

As previously discussed, Southern Home Care removed this matter based on diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Louisiana and Southern Home Care is a citizen of Delaware and Kentucky.[43] The proposed Second Amended Petition, however, names Normal Life as the defendant in place of Southern Home Care.[44] In the Second Amended Petition, Plaintiff asserts that she is a citizen of Louisiana and Normal Life is incorporated in Louisiana and has its principal place of business in Louisiana.[45] Southern Home Care does not dispute the alleged citizenship of Normal Life. Since it is undisputed that both Plaintiff and Normal Life are Louisiana citizens, the amendment will destroy diversity jurisdiction and divest this Court of subject matter jurisdiction under 28 U.S.C. § 1332(a).

According to 28 U.S.C § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The statute also specifically provides that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, if diversity was the only basis for the court's subject matter jurisdiction and a district court permits joinder of a non-diverse defendant, it must remand the case to the state court. *See, Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (*citing* 28 U.S.C. § 1447(e)). In light of the foregoing, if Plaintiff is allowed to amend her Petition to name Normal Life, a non-diverse entity, as the defendant, § 1447(e) requires this Court to remand the matter to the Nineteenth Judicial District

---

[43] R. Doc. 1 at ¶ 1(b).
[44] R. Doc. 25-1 at ¶ II.
[45] *Id.* at ¶¶ I and II.

Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332. *See, Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987).

## Conclusion

Consistent with the good cause standard set forth in Federal Rule of Civil Procedure 16 and the liberal standard of Federal Rule of Civil Procedure 15, Plaintiff has shown that good cause exists for the Court to modify the Scheduling Order to allow Plaintiff to file the proposed Second Amended Petition as requested. Under the four-factor analysis set forth in *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003), Plaintiff has a valid explanation for her failure to timely move for leave to amend, the amendment is important, there is no potential prejudice to Southern Home Care or Normal Life if the amendment is allowed, and since there is no potential for prejudice, the availability of a continuance to cure such prejudice is unnecessary. Upon granting the amendment, the Court must remand the matter to state court because there will no longer be complete diversity of citizenship between the parties and the Court will not have subject matter jurisdiction based upon 28 U.S.C. § 1332(a)(1). If Plaintiff's Motion for Leave is granted, Plaintiff's Motion to Remand should be denied as moot.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's unopposed Motion for Leave of Court to File Amending Complaint[46] should be **GRANTED**, allowing Plaintiff to file her Second Supplemental and Amended Petition.[47] Upon granting the Motion for Leave, there will no longer be complete diversity of citizenship between the parties and the matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

---

[46] R. Doc. 25.
[47] R. Doc. 25-1.

In light of the foregoing recommendation, it is also the recommendation of the Magistrate Judge that Plaintiff's Motion to Remand[48] be **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on November 7, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] R. Doc. 31.